UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-03708 RGK (SS)              Date:  June 11, 2013
                                                      Page 1 of 5

Title:       Andre T. Carr v. C. Gipson, Acting Warden

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS SUCCESSIVE AND UNTIMELY**[1]

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:           ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On May 14, 2013,[2] Andre Carr ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner challenges his 1999 conviction for two counts of attempted murder in violation of California Penal Code ("Penal Code") sections 664 and 187(a). (See Petition at 2). The jury also found true the allegation that Petitioner used a firearm in the commission of an attempted felony in violation of Penal Code section 12022.5(a). (See id.).

---

[1] Petitioner erroneously sued Acting Warden Gipson of California State Prison - Corcoran, where Petitioner is currently incarcerated, under the name "C. Gibbs." The Court ORDERS that the caption be corrected to reflect the correct spelling of Respondent's name.

[2] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because Petitioner's signature on the Petition is dated May 14, 2013. (See Petition at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-03708 RGK (SS) | Date: | June 11, 2013 |
| | | | Page 2 of 5 |

Title:   Andre T. Carr v. C. Gipson, Acting Warden

However, Petitioner previously filed a federal habeas petition, Case No. CV 10-04668 RGK (SS) (the "Prior Petition"), in which he challenged the same 1999 conviction. On August 13, 2010, the District Judge denied the Prior Petition and dismissed the action with prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Courts have recognized that AEDPA generally prohibits successive petitions:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citations omitted); see also Beaty v. Schriro, 554 F.3d 780, 783 (9th Cir. 2009).

AEDPA does not specify what constitutes a "second or successive" petition. Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002). However, the Supreme Court, the Ninth Circuit and its sister circuits have interpreted the term as a derivation of the pre-AEDPA "abuse of the writ" doctrine. Id. at 897-98; see also Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (describing § 2244(b) as an extension of the abuse of the writ doctrine). Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-03708 RGK (SS)                Date:  June 11, 2013
                                                       Page 3 of 5

Title:    Andre T. Carr v. C. Gipson, Acting Warden

    Petitioner raises two claims in the instant Petition: (1) Petitioner was "sentenced under an invalid statute," which Petitioner argues renders the Petition and its sentencing claim "timely," and (2) Petitioner's sentence violated his Sixth Amendment rights pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it was based on facts not found by a jury. (See Petition at 5). However, in the Prior Petition, Petitioner's only claim challenged his sentence on the grounds that (1) the California sentencing statute was unconstitutional, and (2) his sentence was "beyond the proscribed statutory maximum that may be impose[d] based on the fact[s] reflected in the Jury Verdict . . . ." (Prior Petition at 5). Because the instant Petition appears to attack the same sentence on the very same grounds raised in the Prior Petition, it appears that the instant Petition is "second or successive." Tyler, 533 U.S. at 661.

    Moreover, the Petition also appears to be untimely. AEDPA dramatically altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Rhines v. Weber, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003).

    A prisoner attacking a state judgment normally must file his habeas petition in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, AEDPA provides a tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Additionally, a habeas petitioner may qualify for equitable tolling if he can establish both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, __U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

    Because Petitioner did not appeal his conviction on direct review to the United States Supreme Court, Petitioner's conviction appears to have become final on July 10, 2001, ninety

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 13-03708 RGK (SS)          Date: June 11, 2013
                                          Page 4 of 5

Title:   Andre T. Carr v. C. Gipson, Acting Warden

days after the California Supreme Court denied Petitioner's petition for review on April 11, 2001. (See California Appellate Courts Case Information Website, Case No. S095662, http://appellatecases.courtinfo.ca.gov); see also Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13 (allowing petition for writ of certiorari to be filed within ninety days after entry of judgment by state supreme court). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began running the next day, on July 11, 2001, and expired on **July 11, 2002.** Thus, the instant Petition appears to be untimely by ten years, ten months, and three days (i.e., the duration between July 11, 2002 and May 14, 2013), absent tolling.

Petitioner's Prior Petition was denied as untimely. (See Case No. CV 10-04668 RGK (SS), Dkt. Nos. 4, 9-10). In its Report and Recommendation, the Court noted that "Petitioner filed his first state habeas petition in the California Supreme Court on August 23, 2001. The California Supreme Court subsequently denied the habeas petition on December 19, 2001." (Id., Dkt. No. 4, at 8) (internal citations omitted). The Court explained that Petitioner was therefore "entitled to statutory tolling from August 23, 2001 until December 19, 2001," while his state habeas petition was under submission. (Id.). However, the Court further explained that "the AEDPA limitations period ran from July 11, 2001 until August 23, 2001 (43 days)," the period between the date Petitioner's conviction became final and the date he filed his first state habeas petition, and "from December 20, 2001 until November 7, 2002 (322 days), when the limitations period expired. Because Petitioner did not file the [Prior] Petition until May 11, 2010, the [Prior] Petition [wa]s untimely by seven years, six months, and four days, even with statutory tolling." (Id.). The instant Petition was not filed until May 14, 2013, three years and three days after Petitioner filed his Prior Petition, and ten years, six months and seven days after the limitations period expired, even with statutory tolling. Accordingly, even if Petitioner were entitled to statutory tolling, it appears that the instant Petition would be untimely.

Further, the Petition does not indicate any grounds for equitable tolling. (See Petition at 1-8). Accordingly, Petitioner does not appear to be entitled to equitable tolling. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-03708 RGK (SS)                Date:  June 11, 2013
                                                        Page 5 of 5

Title:     Andre T. Carr v. C. Gipson, Acting Warden

Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show equitable tolling).

    Petitioner is therefore **ORDERED TO SHOW CAUSE** within **fourteen (14) days** of the date of this Order why this action should not be dismissed as: (1) successive; and (2) untimely. Petitioner is specifically advised to inform the Court of any reason why the Petition qualifies for an exception to the AEDPA's bar against successive petitions. Petitioner is further specifically advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

    **The Court cautions Petitioner that failure to timely comply with this Order will result in a recommendation that the Petition be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Petitioner is further advised that instead of filing a response to the instant Order, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1). A Notice of Dismissal form is attached for Petitioner's convenience.**

    The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                     Initials of Deputy Clerk ___